IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| KELLY B. KIVILAAN, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC., <br><br> Defendant. | Case No. 3:04-0814 <br><br> Judge Nixon <br> Magistrate Judge Bryant |

**FIRST AMENDED CLASS ACTION COMPLAINT**

**NOW INTO COURT** comes the Plaintiff, Kelley B. Kivilaan, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, by consent and by leave of Court, and files this First Amended Class Action Complaint ("Amended Complaint"), individually and on behalf of all others similarly situated. This Amended Complaint is alleged upon information and belief, except as to those allegations which pertain to the named Plaintiff, which are alleged on her personal knowledge.

### I. NATURE OF ACTION

1. This is a class action brought for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k) ("PDA"), for discrimination on the basis of sex against American Airlines, Inc. (including all "American Airlines" departments) (collectively "American Airlines" or "Defendant"). Plaintiff's claims arise out of Defendant's decision not to provide coverage for prescription contraceptives and related services as part of its employee benefit plan while providing coverage for other prescription drugs and devices, and other preventive health services and products.

2. Defendant singles out women for disadvantageous treatment by excluding prescription contraceptives and related services from its employee benefit plan. Prescription contraception, which is available for use only by women, is basic medical care for women who have the potential to become pregnant but who wish to control that potential by reversible means. Defendant covers prescription drugs, including a number of preventive drugs and devices. The failure to provide coverage for prescription contraception treats medication needed for a pregnancy-related condition less favorably than medication needed for other medical conditions. As a result, Defendant's plan provides less complete coverage to female employees than to male employees, Defendant's action therefore constitutes facial sex discrimination.

3. In addition, Defendant's exclusion of prescription contraception and related services has an adverse disparate impact on Plaintiff arid other class members. Because prescription contraceptives are available for use only by women, Defendant's practice of excluding coverage for prescription contraception forces women covered by the plan to choose between paying their own out-of-pocket prescription costs or risking unintended pregnancy.

4. As a result of Defendant's decision to exclude contraceptives and related services from its employee benefit plan, Plaintiff and class members are being discriminated against in the terms and conditions of employment, which includes the receipt of benefits under fringe benefit programs because of their potential for pregnancy. This violates Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act 42 U.S.C. §2000e(k).

5. Ms. Kivilaan, on behalf of herself and the class she represents, seeks injunctive relief for Defendant's discriminatory conduct described herein.

## II. JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §1343(a)(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights. Plaintiff alleges discrimination on the basis of gender in violation of 42 U.S.C. §2000e.

7. Venue is proper in this District under 28 U.S.C. §1391(b) and (c), and 42 U.S.C. §2000e-5(f)(3) because the unlawful employment practices giving rise to this claim occurred in this District and Defendant conducts a substantial amount of business within this District.

8. Plaintiff's claim for injunctive relief is authorized by 28 U.S.C. §2201 and 2202 and by Rule 65 of the Federal Rules of Civil Procedure, and by the general legal and equitable powers of this Court.

9. Unless permanently restrained and enjoined by this Court, Defendant will continue to engage in the discriminatory acts and practices alleged in this Amended Complaint.

## III. PARTIES

10. Plaintiff Kelley B. Kivilaan is a resident of Nashville, Tennessee, and has been an employee of American Airlines since 1987. Ms. Kivilaan uses prescription contraceptives, which are not covered by her employee health insurance plan, although the plan covers other prescription medication.

11. Defendant American Airlines is a Delaware corporation that conducts substantial business in the States of Tennessee and Texas and has between 100,000 and 150,000 employees in the United States.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. On December 15, 2003, Ms. Kivilaan filed a charge with the Equal Employment Opportunity Commission ("EEOC") in Nashville, Tennessee on her own behalf and on behalf of others similarly situated, alleging that Defendant's failure to provide her with health insurance coverage for prescription contraceptives constitutes unlawful discrimination on the basis of sex. The charge (without Exhibits) is attached hereto as Exhibit A to this Amended Complaint.

13. On July 1, 2004, Ms. Kivilaan received a Notice of Right to Sue from the EEOC. This Notice is attached hereto as Exhibit B.

## V. THE DISCRIMINATION CLAIM

14. Plaintiff Kelley B. Kivilaan has been an employee of American Airlines since June 3, 1987. On or about June 1987, Ms. Kivilaan became a full-time employee, eligible for employee health insurance. As a term and condition of employment, Ms. Kivilaan was offered enrollment in American Airlines's employee health insurance plan and enrolled upon eligibility. Under the plan, her benefits include coverage of prescription drugs and devices.

15. On information and belief, Ms. Kivilaan's benefits include coverage of many preventive drugs and devices, such as mammograms and drugs to prevent blood clotting. However, the plan specifically excludes from coverage many pregnancy-related services and medications, including contraceptive drugs and devices and related services.

16. Ms. Kivilaan is a 36 year old married mother with one child, working twenty (20) hours a week earning $32,000.00 per year. She does not desire to have more children at this time.

17. In order to avoid an unplanned pregnancy, Ms. Kivilaan uses birth control pills (also known as oral contraceptives), a reversible method of contraception. Ms. Kivilaan's physician prescribed oral contraceptives to prevent pregnancy. Ms. Kivilaan attempted to fill the prescription after enrolling in American Airlines' health insurance plan over several years. She was informed by her pharmacist that her employee's insurance plan does not cover prescription contraceptives. As a result, Ms. Kivilaan paid out-of-pocket for her oral contraceptives.

18. On or about October 10, 2003, Ms. Kivilaan sought insurance coverage of her birth control pills and was again denied. Ms. Kivilaan filed a claim with her employer's health insurance administrator and was told that her employee health insurance plan does not cover prescription contraceptives. Because prescription contraceptives are excluded by American Airlines' employee health plan, Ms. Kivilaan pays $37.59 a month out-of-pocket for her birth control pills.

19. While providing coverage for other prescription drugs and devices, Plaintiff's health insurance plan specifically excludes prescription drugs and devices used by women to prevent pregnancy. The health insurance plan also specifically excludes services and charges relating to birth control. Ms. Kivilaan believes American Airlines has a nationwide policy to exclude prescription contraceptives and related services from coverage. Since only women use prescription contraceptives, Defendant's health plan provides less complete coverage to women than to men.

20. As a result of Defendant's failure to cover contraception, Ms. Kivilaan must continue to pay for her monthly supply of birth control pills out-of-pocket or risk the emotional and physical effects of an unintended pregnancy.

## VI.   FACTUAL FRAMEWORK

21. For a significant portion of their lives, women have the biological potential for pregnancy. Contraception is a drug or device that prevents pregnancy. Contraceptives work either by preventing fertilization of a woman's ovum or by preventing implantation of the blastocyst in the uterine wall. All methods of prescription contraception approved by the U.S. Food and Drug Administration ("FDA"), including oral contraceptives ("birth control pills"), Norplant, injectables, intra-uterine devices ("IUD"), the diaphragm and the cervical cap, are available for use only by women.

22. The typical American woman spends roughly three decades – or about 75% of her reproductive life – trying to avoid unintended pregnancy. Of the 60.2 million women of reproductive age, 64% currently use contraception. Ninety-four percent of American women use contraception at some point during their reproductive years. For many healthy women, contraception is the only prescription drug they use on a regular basis. Among all women aged 20-44 who have ever had sexual intercourse, 85% have used prescription oral contraceptives.

23. The consequences of failure to use contraception is pregnancy. Pregnancy is a medical condition that poses risks to, and consequences for, a woman. Because of the significant physiological, bio-chemical and anatomical changes that a woman undergoes during pregnancy, the preexisting medical conditions of many women are exacerbated by pregnancy. Among those are: certain blood diseases, including sickle-cell disease; heart disease; endocrine disorders, such as diabetes; diseases of the nervous system such as epilepsy; kidney and liver diseases; connective tissue disorders, such as systemic lupus erythematosus and rheumatoid arthritis. Moreover, even in an otherwise healthy woman, pregnancy poses medical risks that are significantly greater than the risks

of using contraception. In any given year, the risk of death from pregnancy is 1 in 11,000. The morbidity rate during pregnancy is high as well. Twenty-two percent of all pregnant women are hospitalized before delivery because of complications.

24. Because women bear all of the physical burdens of pregnancy, contraception is basic to women's health and well-being.

25. If no method of contraception were used, the average woman would be expected to have between 12 and 15 pregnancies in her lifetime. The physical, financial and emotional burdens of such childbearing would, in many cases, cause serious harm to the woman, her family and society.

26. Choice of contraceptive method is essential to successful pregnancy prevention due to the wide variation in effectiveness, cost, and medical appropriateness of available forms of contraception. Factors that contribute to what type of contraception a woman chooses to use are whether the woman intends to delay, space or entirely prevent future childbearing. Thus, coverage of all FDA approved contraceptive drugs and devices is essential.

27. Inadequate insurance coverage of contraception has substantial economic consequences for the 67% of American women of reproductive age who rely on employer-sponsored health insurance coverage. These women pay 68% more in out-of-pocket expenditures for health care services than men and reproductive health services account for much of that difference. Almost 5 million privately insured women have out-of-pocket expenditures for health care services in excess of 10% of their income.

## VII. STATUTORY FRAMEWORK

28. The Pregnancy Discrimination. Act, 42 U.S.C. §2000e(k), was enacted by Congress in 1978 as an amendment to Title VII, to clarify that Title VII's prohibition against gender

discrimination includes discrimination on the basis of pregnancy.

29. In December 2000, the EEOC decided that because PDA prohibits discrimination against a woman based on her ability to become pregnant, it is a violation of Title VII for an employer health plan that covers prescription drugs and devices to exclude prescription contraceptives since they are a means by which a woman may control precisely the ability to become pregnant. The EEOC decision requires that employers provide the same insurance coverage for prescription contraceptives and related services that they do for other drugs, devices and services.

## VIII. CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on her own behalf and on behalf of all current female employees of American Airlines, Inc. nationwide who are or were eligible for benefits under American Airline, Inc.'s health insurance plans, or who are covered, or have been covered, by Defendant's health insurance plans at anytime between February 18, 2003 and the present. Plaintiff and all class members are members of a protected class, "women," pursuant to Title VII and the Pregnancy Discrimination Act. This action is properly maintained as a class action pursuant to Fed. R. Civ. P. 23(a) for the reasons stated below.

31. The class is so numerous that joinder of all members is not practical. Upon information and belief, there are thousands of women covered by American Airlines's plan who use or have sought coverage for prescription contraceptives. The precise number of women affected is within the exclusive knowledge of Defendant and is subject to discovery in this action.

32. There are numerous and substantial questions of law and fact common to all class members which control this litigation, including:

    (a)    whether Defendant's health insurance plan covers prescription

medications;

(b) whether Defendant's health insurance plan covers prescription contraceptives;

(c) whether Defendant's conduct constitutes discrimination in violation of Title VII; and

(d) whether class members are entitled to injunctive relief.

33. The claims of Plaintiff are typical of the claims of the class and Plaintiff has no interests adverse to those of other class members.

34. Plaintiff and class members are all enrolled in Defendant's health insurance plan. They are all women who were and continue to be subjected to Defendant's discriminatory practice.

35. Plaintiff will fairly and adequately protect and represent the interest of each member of the class. Plaintiff is committed to vigorously prosecuting this action and has retained competent counsel experienced in litigation of this nature.

36. This action can be properly maintained as a class action under Fed. R. Civ. P. 23(a) and 23(b)(2) in that Defendant's refusal to provide coverage for prescription contraceptives on grounds generally applicable to the class makes it appropriate for injunctive relief on a classwide basis.

## COUNT I

**(Violation of 42 U.S.C. Section 2000e, *et seq.:* Disparate Treatment)**

37. Plaintiff hereby incorporates by reference paragraphs 1 through 36 above.

38. This Court is brought pursuant to 42 U.S.C. §2000e *et seq.,* as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k).

39. Defendant singles out women for disadvantageous treatment by excluding prescription contraceptives and related services from its employees benefit plan while covering other prescription medications, devices and services.

40. Prescription contraception, which is available for use only by women, is basic medical care for women who have the potential to become pregnant but who wish to control that potential by reversible means. The failure to provide coverage for prescription contraception treats medication needed for a pregnancy-related condition less favorably than medication needed for other medical conditions. As a result of Defendant's failure to cover prescription contraception, Plaintiff and the class must pay for their contraceptives out-of-pocket or risk the emotional and physical effects of an unintended pregnancy. Defendant's action therefore constitutes facial sex discrimination in violation of Title VII.

41. Plaintiff requests relief as set forth below.

## COUNT II

**(Violation of 42 U.S.C. Section 2000e, *etseq.*: Disparate Impact)**

42. Plaintiff hereby incorporates by reference paragraphs 1 through 41 above.

43. Defendant has a practice of excluding prescription contraception and related services from its health insurance plan. Because prescription contraceptives are available for use only by women, Defendant's practice has an adverse disparate impact on women in violation of Title VII.

44. As a result of Defendant's failure to cover prescription contraception, Plaintiff and the class must pay for their contraceptives out-of-pocket or risk the emotional and physical effects of an unintended pregnancy.

45. Plaintiff requests relief as set forth below.

-10-

Case 3:04-cv-00814    Document 193    Filed 06/10/09    Page 10 of 13 PageID #: 3585

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant for herself and the members of the Class as follows:

1. Certification of the case as a class action on behalf of the proposed class and designation of Plaintiff as representative of the class and her counsel of record as Class Counsel;

2. Preliminary and permanent injunctions against Defendant from engaging in the unlawful practices complained of herein, including an injunction ordering Defendant to provide coverage for the full range of FDA-approved prescription contraceptive drugs and devices and coverage for contraceptive-related services;

3. A judgment declaring that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.,* as amended by the Pregnancy Discrimination Act, 42 U.S.C. §2000e(k);

4. An order restraining Defendant from any retaliation against Plaintiff or any class member for participation in any form in this litigation;

5. The costs and disbursements incurred in connection with this litigation, including reasonable attorneys' fees pursuant to 42 U.S.C. §2000e-5(k); and

6. Such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff, on behalf of herself and all others similarly situated, hereby demands trial by jury on all issues triable at law.

Respectfully submitted, this 4th day of June, 2009.


        W. Gordon Ball
        Gordon Ball, Esq. TN BPR # 001135
        Ball & Scott Law Offices
        Suite 601, Bank of America Center
        550 Main Street
        Knoxville, TN 37902
        Tel: 865.525.7028

        Ted L. Mann, Esq.
        Robert Potter, Esq.
        Mann, Cowan & Potter, P.C.
        2000-B SouthBridge Parkway, Suite 601
        Birmingham, AL 35209
        Tel.: 205.879.9661

        Michael D. Hausfeld, Esq.
        Hausfeld LLP
        1146 – 19th Street, N.W., Fifth Floor
        Washington, DC 20036
        Tel.: 202.579.1089

        *Counsel for Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Waverly D. Crenshaw, Esquire
Waller, Lansden, Dortch & Davis
511 Union Street, Suite 27000
Nashville, TN 37219-8966
615-244-6380 (tel)
615-244-6804 (fax)

Ronald E. Manthey, Esquire
Melissa M. Hensley, Esquire
MORGAN, LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
214-466-4000 (tel)
214-466-4001 (fax)

    ___W. Gordon Ball_____